# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DERRICK L. CUNNINGHAM,     )
        ) Civil Action No. 11-972
        Plaintiff,     )
        )
    vs.         )
        ) Judge Arthur J. Schwab/
AARON RIHN; and ROBERT PIERCE &  ) Magistrate Judge Maureen P. Kelly
ASSOCIATES,         )
        )
        Defendants.   )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that the Plaintiff's Application for Leave to Proceed In

Forma Pauperis (ECF No. [1]) be denied.

## II.  REPORT

Derrick L. Cunningham, ("Plaintiff") is a prisoner who recently filed several lawsuits,

which were dismissed prior to service for failure to state a claim upon which relief can be

granted.  As a consequence, he has acquired "three strikes," in contravention of 28 U.S.C. §

1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

It is a plaintiff's burden to prove entitlement to IFP status.  See White v. Gregory, 87

F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059,

1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)

("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of

the evidence.").

This Court takes judicial notice of the court records and dockets of the federal courts

located in the Commonwealth of Pennsylvania as well as those of the United States Court of

Appeals for the Third Circuit. <u>DiNicola v. DiPaolo</u>, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (a court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2]

Plaintiff's three strikes are as follows: (1) <u>Cunningham v. Greensburg Police Dept.</u>, No. 11-cv-390 (W.D. Pa., ECF No. [8] (R&R recommending dismissal for failure to state a claim), and ECF No. [11] (Memorandum Order adopting R&R)); (2) <u>Cunningham v. Westmoreland County Prison</u>, No. 11-cv-392 (W.D. Pa., ECF No. [8] (R&R recommending dismissal for failure to state a claim), and ECF No. [11] (Memorandum Order adopting R&R)); and (3) <u>Cunningham v. Westmoreland Regional Hospital</u>, No. 11-cv-394 (W.D. Pa., ECF No. [8] (R&R recommending dismissal for failure to state a claim), and ECF No. [11] (Memorandum Order adopting R&R)). In fact, Plaintiff has four strikes, the fourth one being: <u>Cunningham v. Jeannette District Memorial Hospital</u>, No. 11-cv-395 (W.D. Pa., ECF No. [8] (R&R recommending dismissal for failure to state a claim), and ECF No. [11], (Memorandum Order adopting R&R)). Accordingly, because Plaintiff has at least three strikes he may not proceed IFP. Nor has Plaintiff alleged

---

[1] <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), <u>cert</u>. <u>denied</u>, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

anything in the Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Plaintiff states that the date of the incident that he complains of was March 12, 2010. The entirety of Plaintiff's factual allegations are as follows:

> My attorney Aaron Rihn said, he would mail me his investigative findings in two weeks. I told Mr. Rihn, I had 7 months to file my case. I never received any mail from him, for 10 months. I wrote him for 10 months straight. I wrote him up Camp Hill. I received a letter from him, stating he sent me 7 letters to me [sic] at Westmoreland Cnty Prison. Then later [he] recants, [and] says he only sent me 2 letters. When I ask, the reasons why he didn't pursue my case, he refuse[d] to give me the info. Then he returned the 4 investigative papers blank. Mr. Rihn['s] [and] his firm['s] ineffectiveness has obstructed me from pursuing my case in a timely fashion. He told me, I didn't have a case. I can prove otherwise.

ECF No. [1-1] at 2 to 3.

Nothing that Plaintiff alleges poses any danger of serious physical injury, yet alone an imminent one. Because Plaintiff herein has failed to allege anything that would permit him to proceed IFP, the IFP motion should be denied. If the District Court adopts this Recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the complaint for failure to prosecute.

## III. <u>CONCLUSION</u>

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Local Civil Rules, the parties are allowed to file objections by September 6, 2011. Failure to timely file objections will constitute a waiver of any appellate rights. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>Maureen P. Kelly</u>
Maureen P. Kelly
U.S. Magistrate Judge

Dated: August 18, 2011

cc:    The Honorable Arthur J. Schwab
       United States District Judge

       DERRICK L. CUNNINGHAM
       JU-3758
       SCI Chester
       500 East 4th Street
       Chester, PA 19013